*Dewi v. Lynch*

BIA
A099 686 953

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
DENNY CHIN,
*Circuit Judges.*

_____

NILA SARI DEWI,
*Petitioner,*

v.                                                        14-844
NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
*Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New York.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; David Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nila Sari Dewi, a native and citizen of Indonesia, seeks review of a February 28, 2014, decision of the BIA denying her motion to reopen. *In re Nila Sari Dewi,* No. A099 686 953 (B.I.A. Feb. 28, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Dewi's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or

2

conclusory statements." *Ke Khen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

There is no dispute that Dewi's December 2013 motion to reopen is untimely and number barred because the BIA issued a final order of removal in 2010 and it was Dewi's second motion. 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (requiring motion to be filed within 90 days of final administrative order); 8 C.F.R. § 1003.2(c)(2) (same). Although the time and number limitations do not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), the BIA reasonably concluded that Dewi failed to show such a change.

Dewi challenges the BIA's conclusion that she failed to demonstrate worsened conditions in Indonesia. The expert

3

affidavit from Dr. Jeffrey Winters states that Indonesia has seen a rise in violent attacks on Christians and that the government is unwilling to prevent these attacks. However, much of the affidavit is devoted to discussion of events prior to Dewi's 2009 merits hearing. This evidence was therefore available at that hearing and is not new evidence or evidence of any change. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Another portion is devoted to attacks on the Adhmadiyah, a minority sect of Islam to which Dewi does not belong, and is therefore not material to Dewi's claim. 8 U.S.C. § 1229a(c)(7)(C)(ii). While the affidavit describes several incidents of religious discrimination and violence in 2009 and 2010, as well as an uptick in violence between 2010 and 2012, the BIA did not err in finding these isolated incidents insufficient to show changed conditions; Dewi submitted voluminous evidence of discrimination, threats, and violence against Christians at her merits hearing. *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (requiring new evidence on motion to reopen); *Matter of S-Y-*

4

*G-*, 24 I. & N. Dec. at 257 (requiring comparison of conditions at time of hearing with those at time of motion).

Moreover, while Dewi argues that the BIA failed to consider this evidence in detail, we do not require the agency to "expressly parse or refute on the record" each individual piece of evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Nor is Dewi correct that the agency was required to give great weight to Dr. Winters's affidavit because of his expertise. *Id.* at 342. Because the BIA gave adequate consideration to Dewi's evidence and reasonably found that it did not show a material change in conditions, the agency did not abuse its discretion in denying Dewi's untimely and number barred motion. *Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk